# .CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

.NOVEMBER TERM, 1902.

---

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LEANDER SMITH, PLAINTIFF IN ERROR.

Argued November 26, 1902—Decided March 2, 1903.

Maps, which are not original evidence, may be admitted on the trial of an issue and used only as illustrative of evidence otherwise offered and admitted. When the relation, at a particular time, of things of a movable nature to things which are immovable is in question, the former should not be delineated on a map to be thus used, unless it is made to appear by evidence of witnesses that they knew their relation at that time and had correctly pointed out their position to the maker of the map. The delineation thus made may be used to illustrate the evidence, and its force will depend on the credit given· to the evidence of knowledge of the relative position and of its having been correctly pointed out.

---

On error to the Atlantic County Oyer and Terminer.

For the plaintiff in error, *Samuel E. Perry.*

For the state, *Joseph E. P. Abbott,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The record and proceedings brought before us by the writ of error in this cause have been examined with care. We find no error pointed out by the exceptions to the admission or rejection of evidence. The charge of the court left the matter at issue to the judgment of the jury, with directions which, we find, are not open to any of the exceptions or criticisms made on the part of the plaintiff in error.

Nor have we been able to discover anything in the conduct of the trial, as disclosed by the proceedings certified, whereby the plaintiff in error suffered any wrong or injury.

Much criticism has been directed by counsel for the plaintiff in error to the conduct of the court with respect to a map made by a surveyor, who was called as a witness by the state, and the testimony in respect thereto. Maps, which are not original evidence, may be admitted and used only as illustrative of evidence otherwise offered and duly admitted. Generally they should only delineate such physical facts as are permanent in character, or may be presumed to have existed in the same relations at the time to which the inquiry is directed. Things which are movable in their nature, and the relation of which to each other and to immovable things around them have a bearing on the question at issue, should not be delineated thereon, unless it is made to appear by the evidence of witnesses that they knew the position which they occupied at the time in question, and had truthfully and correctly pointed out their position to the maker of the map. The delineation of movable things made upon such information possesses no evidential force, but may be used to illustrate the evidence, and its force as illustrative must depend on the credit given by the jury to the evidence of persons who testify to their knowledge of the situation of such things and to their having correctly pointed out their positions.

In this case the surveyor who had made the map testified that it correctly delineated the room in which the homicide was said to have been committed, and the house in which the room was, and some of the surroundings of the house. It

also appeared from his testimony that he had also delineated thereon certain articles of furniture in the room in question. He distinctly testified that the delineation of the furniture indicated its position at the time he made the survey, which was some weeks after the alleged homicide. As it seems to have been claimed that the position of the movable articles in that room, in their relation to the room and each other, was a question of importance in the cause, the map illustrative of the situation should not have shown them as they were at the time of the survey, unless, upon independent evidence, showing that they occupied the same position at the time of the homicide. But no legal error was committed by the trial judge in refusing to strike out the evidence. On the contrary, it would have been an injustice to the defendant to do so. The map had been exhibited, delineating the position of the furniture of the room. The proof that the delineation indicated its position at the time of the surveyor's observation deprived it of any value as illustrative of its position at the time of the homicide, and of that proof the defendant ought not to have been deprived.

As the witnesses afterward examined about this map testified that the situation of the furniture in the room in question at the time of the homicide was substantially identical with the situation as delineated on the map, the exhibition of the map in the presence of the jury could have done no injury to the defendant. The map was not received in evidence, nor was it afterward used for illustration—another map being used for that purpose. We think that, while the map, in respect to which the surveyor was first examined, was not such as, in the absence of other testimony, could have been used to illustrate the position of the furniture, there was no legal error in permitting the examination, and there was no injury done to the defendant by the incident.

The judgment must be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Van Syckel, Dixon, Collins, Fort, Garretson, Pitney, Bogert, Adams, Vredenburgh, Voorhees, Vroom.    13.

*For reversal*—None.